UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA CRIMINAL DIVISION

UNITED STATES OF AMERICA

vs.                                              Case No.  8:20-CR-380-SCB-AAS

LUIS ALFREDO SUAREZ ESTUPINAN
_____/

## SENTENCING MEMORANDUM

COME NOW, the Defendant, LUIS ALFREDO SUAREZ

ESTUPINAN, by and through his undersigned counsel, hereby files this his

Sentencing Memorandum.

## Procedural History

On December 10, 2020, Mr. ESTUPINAN was charged by Indictment

of the offense of Conspiracy to Possess with Intent to Distribute Five Kilograms or

More of Cocaine While on Board a Vessel Subject to the Jurisdiction of the United

States, in violation of 46 U.S.C. §§70503 (a); 70506 (a) and (b) and Title 21

U.S.C.S. 960(b)(1)(B) ii.  On May 19, 2021, the defendant pleaded guilty to Count

1 of the indictment and was adjudicated guilty on June 2, 2021.

## Defendant's Personal History

Page 1 of 9

Mr. Estupinan is a 44-year-old Colombian National.  Like many working-class Colombian Nationals, his life has been affected by political strife and poverty, but until March of 2020, was tolerable. His life since that time was severely and adversely effected by a worldwide Pandemic.

Mr. Estupinan's early life is accurately described in the Presentence Investigation Report.   Before Covid, by Colombian standards, his life was unremarkable. His father was (and still is) a fisherman.   His mother worked at a housekeeper and a maid. He grew up with few advantages, but he is thankful that there was always enough food to eat, and he was never exposed to the elements. Although his parents' union was not without issues, he always maintained a good relationship with his parents and siblings.  He was able to graduate from high school, and he served 2 years in the Colombian military without incident, from which he was honorably discharged.  After he fulfilled his military obligations, he spent several years attempting to make a living without resorting to fishing.  He was able to work for several years as a security guard, but the pay was minimal. He attempted to supplement his living by driving a cab and working as a laborer.

Mr. Estupinan has never had a significant legal issue in his life.  He has no prior convictions or even arrests in Colombia.  He would occasionally drink and smoke but has never used cocaine or any "hard" drugs.  Before the events that led to him to this arrest in 2020 he was not involved in any part of the drug trade.  This

is not to say his life was easy, he, his wife, and his family were not immune to the huge internal strife that Colombia has been subject to, and in fact were officially certified as one of Colombia's "displaced persons" several years ago.

Like much of the rest of the world, Mr. Estupinan's struggles were exacerbated by the COVID-19 pandemic. Seemingly overnight, his fishing income, largely dependent tourist and restaurant trade, was all but wiped-out.

What had been a life of hard work and disadvantages became one of survival and poverty. Mr. Estupinan stopped replaced worries about the quality of the food he fed his family with the reality that sometimes there was no food at all. He struggled to sell what fish he caught and struggled to find any extra work. When he found the work, there was no money to pay for food, and the food itself was limited. At one time in the summer of 2020, Mr. Estupinan's wife told him she was struggling to give their infant child, Luis, enough breast mild to sustain him He despaired to see the cost of a container of milk cost nearly was nearly 60,000. (roughly $15.00), and this amounted to half the money he was making per week. During this time, and at every moment until he left Colombia, Mr. Estupinan began to see cartons of milk and packages of diapers as luxuries he could not afford,

Desperate for an alternative source of income, Mr. Estupinan became increasingly open to suggestions he engage in a risky, but potentially lucrative alternative.

## The Offense

Sometime in late November 2020, Mr. Estupinan encountered individuals he knew were connected to a business that involved moving "merchandise" from Colombia. Details were scarce, but the defendant did know what the job entailed. He had no prior experience in such an endeavor.

Mr. Estupinan was detained at sea on December 2, 2020. The grand jury indicted him on December 10, 2020. He pled guilty and readily admitted his guilt before the Honorable Sansone on May 19, 2021. His sentencing is scheduled for August 25, 2021.

## United States' Probation's Guideline Calculation

Based upon the total amount of drugs involved the United States Probation Officer calculated Mr. Estupinan' s base offense level to be 36 (PSR 6 ¶ 21). The PSR also correctly calculates a two (2) level safety valve reduction pursuant to U.S.S.G. 2D1.1(b)18, thereby calculating Estupinan' s total offense level to be 34; criminal history category I. With a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. 3E1.1 (a) (PSR  7¶ 28) and a one (1) level reduction for timely notification of intent to plead guilty pursuant to U.S.S.G. 3E1.1 (b) (PSR 7 ¶ 29) they calculated his total offense level to be 31. (PSR 7 ¶ 30 and

PSR 11 ¶ 60). This, with no other considerations, calls for a recommended guideline sentence of 108 to 135 months imprisonment.

### United States' Probation Guideline Calculation

The undersigned respectfully objects/takes issue with the United States' Probation calculation in that it does not adequately consider all the factors as suggested in 3553(a) and requests the court to vary from the guideline recommendation.

### Application of 18 U.S.C. § 3553(a)

Mr. Estupinan regrets his commission of a serious federal crime and understands the need for punishment. He submits, however, that the nature and circumstances of his offense, his personal history and characteristics, weigh in favor of a sentence significantly less than suggested by the Department of Probation.

### The Purposes of Sentencing

Section 3553(a)(2) sets forth the purposes of sentencing, which can be summarized as:

(1) just punishment;

(2) deterrence;

(3) protection of the public; and

(4) rehabilitation.

Just Punishment

Mr. Estupinan' s conduct, in a conspiracy to distribute illegal drugs, was a violation of law and must be justly punished in a way that constitutes appropriate retribution and promotes respect for the law. It is respectfully submitted that a sentence significantly less than 9 years will demonstrate to him and to other offenders, and to the public that such conduct is reprehensible and heavily punished under the law.

Deterrence

Mr. Estupinan has no criminal record in Colombia, and it is surely no coincidence that his one-time involvement in this crime was related directly to his poverty, which was related to a once in a lifetime pandemic. The defendant prays that the court understands any period of incarceration with the inability to support his family and help support his family is devastating for any family man. The defendant accepts that he will be incarcerated for a significant period of time but can assure the court that he will serve as an example and object lesson that his decision was a bad one, and not one to be repeated.

Protection of the Public

Other than this one bad decision, for which he paid dearly even before his incarceration, Mr. Estupinan has never been, and is not now, a threat to the safety or well-being of the public. This consideration requires no additional period of incarceration.

<u>Rehabilitation</u>

Being away from his family and learning a trade while incarcerated will enable Mr. Estupinan to have a crime free life.  If possible, Mr. Estupinan would like to receive training in any trade he can translate into income whenever he is released and allowed to return his family in Colombia.

It should be noted that during his incarceration that Mr. Estupinan has proven, once again, that he is both a dedicated family man and a very hard worker. His focus remains on his young family back in Colombia.  While he has been an inmate in Hernando County Jail, he has worked virtually every hour he has been allowed to work to earn enough money to send back to his family, and he has assisted other inmates in various tasks, such as laundry and kitchen duty, to earn extra cash.  Through his hard work, he has been able to earn as much as $100.00 per month, every penny going back to his family.  Ironically, although this is not nearly as much as he made pre-Covid, it approaches the monthly income he was making during the summer of 2020.

## **The Kinds of Sentences Available (and related costs)**

Since in this case only incarceration is available, the cost of this punishment is a relevant consideration. At the rate of $39, 365.00 per year (PSR 11 ¶ 70), any incarceration beyond that which is necessary represents an unjustified expenditure of public funds. Accordingly, it is respectfully submitted that a sentence of less

than 108 months is sufficient to accomplish the goals of sentencing at a justifiable cost.

## Conclusion

Based on the foregoing arguments and legal authority, Mr. Estupinan respectfully requests a sentence of less than 108 months. Such a result will be consistent with one of the main goals of the Guidelines

Accordingly, with a base offense level of 36, a a three (3) level reduction for acceptance of responsibility, a two (2) level reduction for qualifying for the safety valve provision. His total offense level without a variance is 31. With a criminal history category of I, his guideline imprisonment range would be 108-135 months. The undersigned respectfully moves this court for an additional two (2) level or (3) variance and request he be sentenced to no more than 78-87 months accordingly.

DATED this 24 day of August 2021.

Respectfully submitted,

/s/Edward M Panzica
Edward M Panzica, Esquire
FBN 0710059
Attorney for Luis Suarez Estupinan

## Certificate of Service

I hereby certify that on August 24, 2021 I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system was forwarded to all parties of record and to Office of the U.S. Attorney, Middle District of Florida, Tampa Division.

/s/Edward M Panzica

Edward M Panzica, Esquire
FBN 0710059
Attorney for Enrique Ardon
1601 East Bay Drive, Unit 2
Largo, Florida 33771
Panzicaoffice@gmail.com